CASE 63—PETITION ORDINARY—MARCH 23.

# Jenkins v. Bass.

APPEAL FROM WARREN CIRCUIT COURT.

1. BILLS AND NOTES—EXTRINSIC EVIDENCE TO EXPLAIN.—Where a promissory note signed by two obligors reads: "*We* promise to pay to the order of *myself*," &c., extrinsic evidence is competent to show which of the two obligors was intended as the payee.

2. SAME—ASSIGNMENT.—Where a promissory note is made payable to one of two obligors, the other obligor is bound thereon to the payee; and if the payee indorses the note to a third person, both obligors are bound thereon to the indorsee.

3. SAME.—Under our statute a person who makes a promissory note payable to himself may become bound thereon to another person by writing his name on the back of the note and delivering it to such person.

DULANEY & MITCHELL FOR APPELLANT.

The particular form of the writing sued on being directed and consented to by the defendant to get plaintiff's money, and the money having been obtained by reason thereof, the plaintiff is entitled to recover. The facts being admitted by the demurrer, the *quantum* of evidence is not the question to be decided. (Griffith's Ex'r v. Collier, 4 Ky. Law Rep., 260.)

The case of Muhling v. Sattler, &c., 3 Met., commented on.

WRIGHT & McELROY FOR APPELLEE.

1. A note signed by two obligors payable to the order of themselves, must be endorsed by *both* in order to create liability as against both. The validity of such paper as that sued on depending entirely upon section 13 of chapter 22, General Statutes, that statute must be complied with, otherwise no obligation is created.

2. There is no averment of mistake in the execution of the note sued on, and hence no allegation which contradicts it can be made.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, James L. Jenkins, declared on a writing that reads as follows:

"BOWLING GREEN, KY., July 8, 1886.

"Sixty days after date we promise to pay to the order

of myself three hundred and sixty dollars, value received, negotiable and payable at Warren Deposit Bank without defalcation.                                    E. R. Murrell.

"J. N. Bass."

Endorsed on the back of this writing is the following: "Pay to James L. Jenkins or order.   E. R. Murrell."

The appellant, as the above-named assignee, declared on this writing as a promissory note, and sought to recover judgment on it against E. R. Murrell and the appellee, J. N. Bass, as the makers.   E. R. Murrell made no defense.   But the appellee, Bass, filed a general demurrer to the petition, which the lower court sustained. The appellant then filed an amended petition, in which he alleged that the note was executed by E. R. Murrell and the appellee, Bass, for the purpose of enabling the former to borrow money upon it, but it was not known at the time the note was signed from whom he could or would obtain the money, so Murrell and the appellee, Bass, agreed that a space should be left in the note for the purpose of inserting the name of the lender as the payee, or that Murrell might insert the name of himself as payee, and by an endorsement on the back of the note order the same payable to whomsoever he chose; that, pursuant to the authority of the appellee, Bass, Murrell wrote the word "myself" in said space, which word he intended to represent his own proper name; and thereafter, Murrell having sold said note to the appellant for value, he endorsed the same to appellant by writing his name across the back of it, which was pursuant to the authority of the appellee.

The lower court sustained a demurrer to this amended petition, and the appellant declining to further amend,

his action was dismissed, and the case is here by appeal.

Section 13 of chapter 22 of the General Statutes reads: " Whenever a promissory note is made by the obligor payable to himself or to his order, and is signed on the back thereof by the said obligor, and then delivered, such signature and delivery shall operate as a promise to pay the face of the note at maturity to the party to whom the same shall have been delivered, and such party may fill up the blank with words of promise and recover thereon in the same manner as if such party had been named as payee in the note, and such note shall be assignable as are other promissory notes."

According to common law principles, a promissory note made payable by a person to himself creates, of itself, no liability upon him to pay it. This is so, not for the reason that it is contrary to public policy, immoral or illegal, but for the reason that a person can not contract with himself. So the Statute, *supra*, provides that a person who makes a promissory note payable to himself may become bound thereon to another person by writing his name on the back of the note and delivering it to such person. In such case, he becomes bound upon the writing as his promissory note, to such person. In the case at bar, if the name of E. R. Murrell, instead of the word "myself," had appeared in the face of the note as payee, it will not be denied that he, by writing his name on the back of the note and delivering it to the appellant, would have become bound thereon to the appellant.

In the case just supposed, is there any reason why the appellee would not have been bound to E. R. Murrell on said note? It is true that Murrell would not have been

bound to pay himself, not, as above suggested, because it was contrary to public policy, immoral or illegal, but because he could not, in the nature of things, be a debtor to himself; but the appellee could become debtor to him, and by signing a note as payor, with E. R. Murrell as payee, he would make himself debtor to E. R. Murrell the amount that the note called for. Would the fact that E. R. Murrell's name was also signed to the note as payor, render the note unobligatory upon the appellee? We think not. The fact that he also signed the note as payor would not render it, in any sense whatever, vicious, but he would not be bound, as above suggested, simply for the reason that he could not bind himself to pay himself a debt. Had a married woman signed with the appellee, her act would not have been void, but, nevertheless, the appellee would have been bound for the whole amount of the note. So, likewise, he would have been bound to E. R. Murrell if his name had been expressed in the note as payee, notwithstanding the fact that he did the nude act of trying to make himself, in conjunction with the appellee, debtor to himself. So, also, in the case supposed, had E. R. Murrell assigned the note to the appellant, the appellee, without doubt, would have been bound to him on the note, and under the statute, *supra*, E. R. Murrell would have been also bound to the appellant.

It is contended that as the word "myself," as used in the writing, refers equally to E. R. Murrell or the appellee as payee, parol evidence can not be introduced for the purpose of showing which one was meant. This is a mistake. Such evidence will not contradict the writing. Here the note names a payee, and the payee is one of

two persons, but the writing does not inform which one is the person meant as the payee. Now, to show by extrinsic evidence which one of the two persons was meant is admissible. Such evidence does not contradict the writing, but merely explains which of two persons the pronoun "myself" refers to as the payee, the pronoun "myself" certainly referring to the one or the other as such payee. The rule is without exception, as far as we have been able to ascertain, that if a payee is expressed in a note, but in such manner as leaves it ambiguous as to the particular person meant, extrinsic evidence may be resorted to for the purpose of showing that fact. (2 Parsons on Contracts, section 550 ; McCullough v. Wainright, 14 Pa. St., 171.)

In Jackson v. Sill, 11 Johnson, 201, it is said : "You must always look beyond the instrument itself, to some extent, in order to ascertain who is meant."

In Garrison v. Owens, 1 Pinney (Wis.), 471, it was held that parol evidence was admissible to show in what capacity a person signed his name—whether as witness or party to the contract.

In the case of Kinney v. Flynn, 2 R. I., 319, the action was on an instrument of this kind : "I. O. U. the sum of $160, which I shall pay on demand to you." Signed, &c. Parol evidence was admitted to show who "you" was.

It is not competent to show what the parties secretly and in fact intended, when such intention contradicts the written contract; but when the inquiry is what they meant by the use of certain words in the writing which, as therein used, are ambiguous, extrinsic evidence is

always admissible.   (1 Greenleaf on Evid., section 282.)

So it seems to be clear that parol evidence is admissible to show who the parties meant by the word "myself" as the payee.   This being shown, it would follow that the other party would be bound on the note as payor to such payee.

The petition as amended sets out a cause of action against the appellee, and the demurrer to the amended petition should have been overruled.

The judgment is reversed and the cause remanded, with directions for further proceedings consistent with this opinion.