NORFOLK NATIONAL BANK, OF NORFOLK, VA., v. W. J. GRIFFIN et al.

*Contract—Accommodation Paper—Endorsement.*

While, at common law, a bond made payable to the obligor is void, and a promissory note made payable by the maker to himself creates no liability, for the reason that a person cannot contract with himself, yet, where such promissory note is made for the purpose of enabling the maker to raise money, and is endorsed by him for that purpose, the endorsee may recover upon it, not only against the payee and endorser, but against all others who may have signed it.

CIVIL ACTION, tried before *Whitaker, J.,* at Spring Term, 1890, of PASQUOTANK Superior Court.

A jury trial was waived, and the Judge found the following facts:

W. J. Griffin and W. O. Temple were partners, under the firm name of Griffin & Temple. On the 23d March, 1889, the said W. J. Griffin and W. O. Temple, as individuals, and

the other defendants, W. S. Temple and J. R. Etheridge, executed a promissory note, as follows: "Sixty days after date, we, jointly and severally, promise to pay Griffin & Temple, negotiable and payable without offset, at the Norfolk National Bank, four hundred dollars for value received," &c. Etheridge and W. S. Temple received no benefit from the note, but signed the same for the accommodation of Griffin & Temple and to enable them to raise money. The note was endorsed for value to the plaintiff by Griffin & Temple, the plaintiff having knowledge of the facts; that no part of the note had been paid.

Upon this state of facts, the Court rendered judgment in favor of the plaintiff against all the defendants, from which Etheridge and W. S. Temple appealed.

*Messrs. Pruden & Vann* filed a brief for plaintiff.
*Mr. E. F. Aydlett,* for defendants.

CLARK, J.: A bond made payable to the obligor is void. *Pearson* v. *Nesbit,* 1 Dev., 315; *Justices* v. *Shannonhouse,* 2 Dev., 6; *Justices* v. *Armstrong,* 3 Dev., 285. A bond is a deed, and no man can execute and deliver a deed to himself.

"According to common law principles, a promissory note made payable by a person to himself creates of itself no liability upon him to pay it. This is so, not for the reason that it is contrary to public policy, immoral or illegal, but because a person cannot contract with himself." *Jenkins* v. *Bass* (Ky.), 11 S. W. Rep., 293. Indeed, there is no contract till such paper has been endorsed over to another, when there springs up by the law merchant a valid contract between the maker and endorsee. 1 Daniel Neg. Instruments, § 130; *Wood* v. *Maytton,* 10 Adolphus & Ellis, 809 (59 E. C. L.); *Smith* v. *Lusher,* 5 Cowen, 688; *Plets* v. *Johnson,* 3 Hill (N. Y.), 112; *Jenkins* v. *Bass, supra.*

In this case, the note, upon its face, was executed for the purpose of being negotiated.   It is found, as a fact, that the defendants signed it as accommodation paper to enable those of the makers who are named as payees therein to raise money on the paper.   Doubtless they were so named as payees because it was not yet known who would lend money on the note, and it was desired not to leave the names of payees in blank.   Such practice is not unusual, and is well recognized by the law merchant.

The note was negotiated, as defendants intended should be done, and value received thereon.   To protect them, upon the technical grounds set up, against the consequences of their own act, would be against good morals, and would enable them to perpetrate a fraud on the plaintiff.   By the endorsement to plaintiff, the contract, till then imperfect, became perfect and completed.

No error.